UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DEMETRIO PURIZACA,
Plaintiff

v. No. 07-427 ML-LDA

THE STOP & SHOP SUPERMARKET COMPANY, LLC,
Defendant Defendant Jury Demand

**ANSWER**

1. The defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. The defendant therefore neither admits nor denies the allegations contained in this paragraph and calls upon the plaintiff to prove the same at trial, if relevant.

2. The defendant admits the allegations contained in this paragraph, absent the "Alias ABC L.L.C." language.

3. The defendant admits it operated a store at the stated location. The defendant denies the remainder of the allegations in this paragraph.

4. The defendant denies the allegations contained in this paragraph.

5. The defendant denies the plaintiff was an employee. As to the remainder of the allegations in this paragraph, the defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. The defendant therefore neither admits nor denies the allegations contained in this paragraph and calls upon the plaintiff to prove the same at trial, if relevant.

6. The defendant denies the allegations contained in this paragraph.

7. The defendant admits the allegations contained in this paragraph, except the term "Alias".

8. This paragraph calls for a legal conclusion, therefore no response is required.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. The defendant denies the allegations contained in this paragraph.

12. This paragraph calls for a legal conclusion, therefore no response is required.

**First Affirmative Defense**

The defendant states by his actions or conduct, plaintiff has waived their rights, if any, against the defendant.

**Second Affirmative Defense**

The defendant states that, pursuant to Fed.R.Civ.P. 12(b)(6), the Complaint fails to state a claim upon which relief can be granted against this defendant.

**Third Affirmative Defense**

Plaintiff is not entitled to relief because of his unclean hands.

**Fourth Affirmative Defense**

By his action or conduct, plaintiff is estopped from recovering against this defendant.

**Fifth Affirmative Defense**

This defendant's actions and conduct have not caused plaintiff any damages.

**Sixth Affirmative Defense**

The defendant states that the negligence of the plaintiff was such as to prevent recovery herein, or, in the alternative, the negligence of the plaintiff was such as to reduce recovery herein.

**Seventh Affirmative Defense**

The defendant states that the plaintiff is barred for failing to give the defendant notice as required by law.

**Eight Affirmative Defense**

The defendant states that the plaintiff's injuries were caused by others over whose actions the defendant has no control.

**Ninth Affirmative Defense**

The defendant states that the complaint should be dismissed for insufficiency and/or untimely service of process.

**Tenth Affirmative Defense**

The defendant states that the plaintiff failed to mitigate damages, as required by law.

**Request for Relief**

Wherefore, this defendant requests this Court to dismiss plaintiff's Complaint, and grant the defendant its costs, including reasonable attorney fees and such other and further relief as the Court deems just.

**COUNT II**

1 – 6. This defendant repeats its responses to paragraphs 1-6 of Count I.

7. The defendant denies the allegations contained in this paragraph.

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. The defendant denies the allegations contained in this paragraph.

12. This paragraph calls for a legal conclusion, therefore no response is required.

**First Affirmative Defense**

The defendant states by his actions or conduct, plaintiff has waived their rights, if any, against the defendant.

**Second Affirmative Defense**

The defendant states that, pursuant to Fed.R.Civ.P. 12(b)(6), the Complaint fails to state a claim upon which relief can be granted against this defendant.

**Third Affirmative Defense**

Plaintiff is not entitled to relief because of his unclean hands.

**Fourth Affirmative Defense**

By his action or conduct, plaintiff is estopped from recovering against this defendant.

**Fifth Affirmative Defense**

This defendant's actions and conduct have not caused plaintiff any damages.

**Sixth Affirmative Defense**

The defendant states that the negligence of the plaintiff was such as to prevent recovery herein, or, in the alternative, the negligence of the plaintiff was such as to reduce recovery herein.

**Seventh Affirmative Defense**

The defendant states that the plaintiff is barred for failing to give the defendant notice as required by law.

**Eight Affirmative Defense**

The defendant states that the plaintiff's injuries were caused by others over whose actions the defendant has no control.

**Ninth Affirmative Defense**

The defendant states that the complaint should be dismissed for insufficiency and/or untimely service of process.

**Tenth Affirmative Defense**

The defendant states that the plaintiff failed to mitigate damages, as required by law.

**Request for Relief**

Wherefore, this defendant requests this Court to dismiss plaintiff's Complaint, and grant the defendant its costs, including reasonable attorney fees and such other and further relief as the Court deems just.

The defendant claims a jury trial on all claims in the plaintiff's Complaint.

Respectfully submitted,

/s/ Geoffrey D. Wyler
Geoffrey D. Wyler
One Financial Center, 24th FL
Boston, Massachusetts 02111
(617) 330-5050
(617) 330-5153 (Fax)
gwyler@cypressmail.com

Date: January 18, 2008

**CERTIFICATION**

I, the undersigned, hereby certify that this document has been electronically filed on this 18th day of January, 2008, and is available for viewing and downloading to the ECF registered counsel of record, and paper copies will be sent to those who are non-registered participants:

Stephen M. Rappaport, Esq.
Rappaport, DeGiovanni & Casolowitz, Inc.
989 Waterman Avenue
East Providence, Rhode Island 02914

Sonja L. Deyoe
Rappaport, DeGiovanni & Casolowitz, Inc.
989 Waterman Avenue
East Providence, Rhode Island 02914

/s/ Geoffrey D. Wyler
Geoffrey D. Wyler