**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DEMETRIO PURIZACA<br>Plaintiff,<br><br>v.<br><br>THE STOP AND SHOP SUPERMARKET<br>COMPANY, LLC., Alias ABC Corporation<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No 07-427L |

**PLAINTIFF'S STATEMENT FOR RULE 16(b) PRETRIAL CONFERENCE.**

## I. FACTS:

On June 11, 2005, the Plaintiff Demetrio Purizaca, a Rhode Island resident, was injured while he was a business invitee of the Defendant the Stop and Shop Supermarket Company, LLC, alias ABC Corporation (hereinafter "the Stop and Shop") at their market in Milford, Massachusetts.

At the time he suffered his injuries, the Plaintiff was on the first floor of the warehouse area on the Defendant's property picking up cases of items to stock them in the Defendant's market at the request of his employer. These cases were being brought to the Plaintiff by way of a conveyor belt that ran between the first and second floors. As the Plaintiff was taking a case of items from a table at the bottom of the conveyor belt and placing it in a U-cart he was using to transport the items into the market for stocking the shelves, another case of items slipped from its position on the conveyor belt, hit the table at the end of the belt and caused it to tip over and hit the Plaintiff in his lower back, causing him to fall forward into the U-cart.

## II. LIABILITY:

The Plaintiff alleges that the Defendant is liable to him because it invited the Plaintiff onto its property to set up displays and stock goods for Kraft Foods, the Plaintiff's employer and

the Defendant negligently failed to keep the area where the Plaintiff was to pick up these goods in a reasonably safe condition for this purpose. Specifically, the Plaintiff alleges that the Defendant breached its duty to him because the table at the end of the conveyor belt was not properly secured to the floor which allowed it to tip over when a case of items made contact with it causing the table to hit the Plaintiff. The Plaintiff also alleges that the Defendant is liable to him because it did not properly maintain the conveyor belt resulting in packages slipping on the belt and because the Defendant failed to warn the plaintiff of the hazards that were presented to him in the conveyor belt area.

**III. LEGAL ISSUES:**

In its answer to the complaint, the Defendant did not admit that the Plaintiff was a business invitee on the premises. Nor did the Defendant admit that the Plaintiff was injured when he was hit by the table. Also the Defendant did not admit that it was under a duty to keep the premises free from defects, and properly repaired and maintained for the Plaintiff's use.

As discovery is newly propounded in this matter, it is not entirely clear if the Defendant claims that some other entity may be responsible for maintaining the conveyor belt and/or the table that is at its end, or if there is some other entity that owes a legal duty to the Plaintiff.

**IV. INJURIES:**

As a result of this incident, the Plaintiff suffered a very serious injury to his lower back. To date, the Plaintiff has incurred over One Hundred Thirty Four Thousand Dollars ($134,000.00) in medical expenses and has lost greater than Sixty Five Thousand Dollars ($65,000.00) in wages. The Plaintiff continues to remain out of work.

Immediately after being injured, the Plaintiff began feeling pain in his lower back, legs and feet. He was diagnosed with left lumbar radiculopathy on July 15, 2005. An MRI on

August 3, 2005 revealed and L4-5 and L5-S1 diffuse disc bulge with encroachment on stenosis of the foramina bilaterally with a L3-L4 right sided bulge and foraminal stenosis and L2-L3 bulge without stenosis. The Plaintiff engaged in physical therapy throughout the summer of 2005.

On September 28, 2005, the Plaintiff, at the recommendation of Dr. Mark Palumbo, an orthopedist, stopped physical therapy and began epidural injections. On November 18, 2005, Dr. Todd Handel, a physiatrist, recommended L4-L5 and L5-S1 tranforaminal nerve injections. These were performed on December 7, 2005 and December 21, 2005. On March 8, 2006 and March 14, 2006, the Plaintiff received left sacroiliac joint injections.

On June 27, 2006, the Plaintiff was evaluated by Dr. Stephen Saris, a neurologist, who ordered a second MRI. This MRI, showed that there was a foraminal disk extrusion on L5-S1 on the left that compressede the left L5 nerve. On August 20, 2007, the Plaintiff underwent a posterior lumbar decompression and fusion of L4-S1. Four pedicle screws were inserted at L4 to S1 and two .25" titanium rods were inserted into the L4-S1 area. According to the Plaintiff's orthopedic physician, Dr. Mark Palumbo, the Plaintiff is totally and completely disabled.

As his surgery was so recent, no permanent impairment rating has been given to the Plaintiff.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Sonja L. Deyoe

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email:sldeyoe@fullchannel.net

**CERTIFICATION**

I, the undersigned, hereby certify that this document has been electronically filed on this 18th day of February 2008 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Geoffrey D. Wyler, Esq.
One Financial Center, 24th Fl
Boston, Massachusetts 02111
gwyler@cypressmail.com

Stephen M. Rappoport, Esq.,
Rappoport, DeGiovanni & Caslowitz, Inc.,
989 Waterman Avenue
East Providence, RI 02914
rdclaw@cox.net

/s/ Sonja L. Deyoe