jhf 01-18-08

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DEMETRIO PURIZACA,<br><br>Plaintiff,<br><br>v.<br><br>THE STOP AND SHOP SUPERMARKET COMPANY, LLC., Alias ABC Corporation<br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-472L |

**MOTION TO AMEND COMPLAINT AND TO ADD PARTY**

Now comes the Plaintiff, Demetrio Purizaca, pursuant to the provisions of U.S.D.C. Rule 15 and moves this Honorable Court for an Order allowing Plaintiff to amend the Complaint and add a party in the form and manner attached hereto, including a John Doe, Alias, who is unknown to Plaintiff at this time.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport

Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

**CERTIFICATION**

I, the undersigned, hereby certify that this document has been electronically filed on this 20th day of February 2008 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Geoffrey D. Wyler, Esq.
One Financial Center, 24th Fl
Boston, Massachusetts 02111
gwyler@cypressmail.com

Sonja L. Deyoe, Esq.,
Rappoport, DeGiovanni & Caslowitz, Inc.,
989 Waterman Avenue
East Providence, RI 02914
sldeyoe@fullchannel.net

/s/ Stephen M. Rappoport

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DEMETRIO PURIZACA,<br><br>Plaintiff,<br><br>v.<br><br>THE STOP AND SHOP SUPERMARKET COMPANY, LLC., Alias ABC Corporation<br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-472L |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT.**

## I. FACTS:

On June 11, 2005, the Plaintiff, a Rhode Island resident, was severely injured when he was struck in the lower back by a table. At the time he suffered injury, the Plaintiff was a business invitee of the Defendant, The Stop and Shop Supermarket Company, LLC., (hereinafter "SSC") at a market that it operates located at 196 East Main Street, in the Town of Milford, County of Worcester, State of Massachusetts.

The table that hit the Plaintiff was located at the end of a conveyor belt in a warehouse area on this premises. The table became dislodged when a case of items on the conveyor belt suddenly slid off of it and made contact with a corner of the table. At the time he suffered injury, the Plaintiff was facing away from the table and was placing a case of items onto a cart. He was planning on taking these cases out into the Defendant SSC's market to stock its shelves.

In their answer to the complaint, the Defendant SSC did not admit that it had sole control over the property, the table, or conveyor belt. These answers prompted the Plaintiff to file the present motion to amend his complaint to include negligence counts against a John Doe Defendant

who may have had a legal duty to maintain the conveyor belt and/or table or who may otherwise be liable to the Plaintiff.

At this time, the Plaintiff additionally seeks to amend his complaint to correct a factual error in it which indicates that the Plaintiff was an employee of the Defendant SSC at the time of his injury. The Plaintiff also seeks to amend his complaint to allege that the Defendant SSC negligently failed to warn him of the hazards that were presented to him by the conveyor belt and/or the table.

## II LAW AND ARGUMENT:

Rule 15 of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 627 (1st Cir.2000). A motion to amend should be granted unless it is "apparent" that it would reward undue delay, bad faith, or dilatory motive on the part of the movant. Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir.1983) (quoting Foman, 371 U.S. at 182, 83 S.Ct. 227). A court should deny leave to amend, however, if the proposed amendment would be futile. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir.1994). When leave to amend is sought prior to the completion of discovery and the filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under Rule 12(b)(6). Hatch v. Dep't of Children, Youth, and Their Families, 274 F.3d 12, 19 (1st Cir.2001).

In this instance, the proposed amendments to the complaint are not futile. The proposed amended complaint would survive a challenge under Rule 12 (B)(6) of the Federal Rules of Civil Procedure. The proposed amended complaint alleges that the Defendants acted negligently. Specifically, the compliant alleges that the Defendants had various legal duties to the Plaintiff, that

the Defendants breached their legal duties to the Plaintiff, that the breach of those duties caused the table to become dislodged and hit the Plaintiff and that Plaintiff suffered severe injury because he was hit by the table. Second, as this matter was removed from the Rhode Island Superior Court to this Honorable Court on December 21, 2007, there is no undue delay, bad faith, or dilatory motive on the part of the Plaintiff in seeking to amend his complaint at this date, approximately two months later.

## IV. CONCLUSION

Wherefore Plaintiff prays that his motion to amend be granted.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport
Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

## CERTIFICATION

I, the undersigned, hereby certify that this document has been electronically filed on this 20th day of February 2008 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Geoffrey D. Wyler, Esq.
One Financial Center, 24th Fl
Boston, Massachusetts 02111
gwyler@cypressmail.com

Sonja L. Deyoe, Esq.,
Rappoport, DeGiovanni & Caslowitz, Inc.,
989 Waterman Avenue
East Providence, RI 02914
sldeyoe@fullchannel.net

/s/ Stephen M. Rappoport