SLD 03-19-08

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEMETRIO PURIZACA,<br><br>Plaintiff,<br><br>v.<br><br>THE STOP AND SHOP SUPERMARKET COMPANY, LLC., , Alias ABC LLC, JOHN DOE., Alias<br>Defendants, | ) | C.A. No. 07-472L |

## AMENDED COMPLAINT

### COUNT I

Now comes the Plaintiff in the above-entitled cause and alleges and says:

1. That the Plaintiff Demetrio Purizaca is a resident of the City of Providence, County of Providence, State of Rhode Island.

2. That the Defendant, The Stop & Shop Supermarket Company, L.L.C., Alias ABC L.L.C. (hereinafter referred to as "Stop & Shop") upon information and belief is a Delaware limited liability company with its principle place of business in Quincy, Massachusetts, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

3. That the Defendant, John Doe is an individual or business entity unknown to the Plaintiff at this time and is being sued pursuant to R.I.G.L.§9-5-20.

4. That on or about June 11, 2005, the Defendant Stop & Shop, Alias upon information and belief owned, leased, rented, and/or operated a business on the property located at 196 East Main Street, in the Town of Milford, County of Worcester, Commonwealth of Massachusetts.

5. That at all times mentioned herein, Plaintiff Demetrio Purizaca was in the exercise of due care and caution.

6. That on or about June 11, 2005, Plaintiff, Demetrio Purizaca was an invitee of the Defendant Stop & Shop on its premises located at 196 East Main Street, in the Town of Milford, County of Worcester, Commonwealth of Massachusetts.

7. That on or about June 11, 2005, while the Plaintiff was working in a careful and prudent manner, in an area designated by the Defendant's for his use as a business invitee, the Plaintiff was suddenly struck with great force in his low back by a table which was tipped over when it was struck by a case of goods that slid down a conveyor belt which was adjacent to the table.

8. Said table was negligently and carelessly allowed to remain unanchored to the floor of said premises at the base of the conveyor belt.

9. Said conveyor belt was negligently and carelessly allowed to be worn to the point that cases placed on it would slide down the conveyor belt.

10. That Defendant Stop & Shop, Alias, through its agents, servants and/or employees, knew or should have known that said premises would be used by Plaintiff Demetrio Purizaca and others in his position.

11. That Defendant Stop & Shop, Alias, was under a duty to the Plaintiff Demetrio Purizaca and/or others in his position, to keep said premises free from defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for its intended use.

12. The Defendant Stop & Shop, Alias, was under a duty to the Plaintiff Demetrio Purizaca to warn him of hazards that it knew or should have known existed in or around the equipment the Plaintiff was using as a business invitee, specifically those existing with the conveyor belt and table and/or the area surrounding the conveyor belt and table.

13. That the Defendant Stop & Shop, Alias, through its agents, servants and/or employees negligently breached said duties and as a result of said negligence, Plaintiff Demetrio Purizaca was struck and injured as aforesaid.

14. That the Defendant Stop & Shop, Alias, is liable for the damage caused by the negligence of their agents, servants and/or employees.

15. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Stop & Shop, Alias, Plaintiff Demetrio Purizaca has suffered injuries and has suffered pain of body and mind, and Plaintiff Demetrio Purizaca has expended sums of money for the medical care and treatment of said injuries, and Plaintiff Demetrio Purizaca has sustained a loss of earning capacity and other great damage.

16. That the amount claimed is sufficient to establish jurisdiction in the United States District Court.

WHEREFORE, Plaintiff demands judgment against Defendant The Stop & Shop Supermarket Company, L.L.C., Alias ABC L.L.C. plus interest and costs.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport
Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

**COUNT II**

1.-7. That Plaintiff re-alleges paragraphs one through seven of Count I and incorporates the same herein by reference.

8. That at all times mentioned herein and prior thereto, said premise was in the exclusive control of the Defendant Stop & Shop, Alias through its agents, servants and/or employees.

9. That the Plaintiff Demetrio Purizaca is without knowledge of the precise acts of negligence of Defendant Stop & Shop, Alias, which caused Plaintiff Demetrio Purizaca's said injuries and said acts are known by the Defendant.

10. That the type of incident described herein and Plaintiff Demetrio Purizaca's said injuries would not ordinarily occur in the absence of negligence on the part of Defendant Stop & Shop, Alias.

11. That said Plaintiff Demetrio Purizaca's injuries were in no way contributed to by any voluntary acts of the said Plaintiff or by anyone other than Defendant Stop & Shop, Alias.

12. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Stop & Shop, Alias, Plaintiff Demetrio Purizaca has suffered injuries and has suffered pain of body and mind, and Plaintiff Demetrio Purizaca has expended sums of money for the medical care and treatment of said injuries, and Plaintiff Demetrio Purizaca has sustained a loss of earning capacity and other great damage.

13. That the amount claimed is sufficient to establish jurisdiction in the United States District Court.

WHEREFORE, Plaintiff demands judgment against Defendant The Stop & Shop Supermarket Company, L.L.C., Alias ABC L.L.C., plus interest and costs.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport
Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

**COUNT III**

1.-9. That Plaintiff re-alleges paragraphs one through nine of Count I and incorporates the same herein by reference.

10. That Defendant John Doe, Alias through his or its agents, servants and/or employees, knew or should have known that said premises would be used by Plaintiff Demetrio Purizaca and others in his position.

11. That Defendant John Doe, Alias was under a duty to the Plaintiff Demetrio Purizaca and/or others in his position, to keep said premises free from defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for its intended use.

12. The Defendant John Doe, Alias was under a duty to the Plaintiff Demetrio Purizaca to warn him of hazards that it knew or should have known existed in or around the equipment the Plaintiff was using as a business invitee, specifically those existing with the conveyor belt and table and/or the area surrounding the conveyor belt and table.

13. That Defendant John Doe, Alias through his/its agents, servants and/or employees negligently breached said duties and as a result of said negligence, Plaintiff Demetrio Purizaca was struck and injured as aforesaid.

14. That Defendant John Doe, Alias is liable for the damage caused by the negligence of his/its agents, servants and/or employees.

15. That as a direct and proximate result of the aforesaid negligence on the part of Defendant John Doe, Alias, Plaintiff Demetrio Purizaca has suffered injuries and has suffered pain of body and mind, and Plaintiff Demetrio Purizaca has expended sums of money for the medical care and treatment of said injuries, and Plaintiff Demetrio Purizaca has sustained a loss of earning capacity and other great damage.

16. That the amount claimed is sufficient to establish jurisdiction in the United States District Court.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe, Alias plus interest and costs.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport
Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

**COUNT VI**

1.-7. That Plaintiff re-alleges paragraphs one through seven of Count I and incorporates the same herein by reference.

8. That at all times mentioned herein and prior thereto, said premise was in the exclusive control of the Defendant John Doe, Alias through his/its agents, servants and/or employees.

9. That the Plaintiff Demetrio Purizaca is without knowledge of the precise acts of negligence of Defendant John Doe, Alias which caused Plaintiff Demetrio Purizaca's said injuries and said acts are known by the Defendant.

10. That the type of incident described herein and Plaintiff Demetrio Purizaca's said injuries would not ordinarily occur in the absence of negligence on the part of Defendant John Doe, Alias.

11. That said Plaintiff Demetrio Purizaca's injuries were in no way contributed to by any voluntary acts of the said Plaintiff or by anyone other than Defendant, John Doe, Alias.

12. That as a direct and proximate result of the aforesaid negligence on the part of Defendant John Doe, Alias, Plaintiff Demetrio Purizaca has suffered injuries and has suffered pain of body and mind, and Plaintiff Demetrio Purizaca has expended sums of money for the medical care and treatment of said injuries, and Plaintiff Demetrio Purizaca has sustained a loss of earning capacity and other great damage.

15. That the amount claimed is sufficient to establish jurisdiction in the United States District Court.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe, Alias, plus interest and costs.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport
Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

## COUNT VII

1.-9. That Plaintiff re-alleges paragraphs one through nine of Count I and incorporates the same herein by reference.

10. That all Defendants through their agents, servants and/or employees, knew or should have known that said premises would be used by Plaintiff Demetrio Purizaca and others in his position.

11. That all Defendants were under a duty to the Plaintiff Demetrio Purizaca and/or others in his position, to keep said premises free from defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for its intended use.

12. The all Defendants were under a duty to the Plaintiff Demetrio Purizaca to warn him of hazards that it knew or should have known existed in or around the equipment the Plaintiff was using as a business invitee, specifically those existing with the conveyor belt and table and/or the area surrounding the conveyor belt and table.

13. That all Defendants through their agents, servants and/or employees negligently breached said duties and as a result of said negligence, Plaintiff Demetrio Purizaca was struck and injured as aforesaid.

14. That all Defendants are liable for the damage caused by the negligence of their agents, servants and/or employees.

15. That as a direct and proximate result of the aforesaid negligence on the part of all Defendants, Plaintiff Demetrio Purizaca has suffered injuries and has suffered pain of body and mind, and Plaintiff Demetrio Purizaca has expended sums of money for the medical care and treatment of said injuries, and Plaintiff Demetrio Purizaca has sustained a loss of earning capacity and other great damage.

16. That the amount claimed is sufficient to establish jurisdiction in the United States District Court.

WHEREFORE, Plaintiff demands judgment against all Defendant, jointly and severally, plus interest and costs.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport
Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

Plaintiff hereby demands a trial by jury an all counts.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport
Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

**CERTIFICATION**

I, the undersigned, hereby certify that this document has been electronically filed on this 19th day of March, 2008 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Geoffrey D. Wyler, Esq.
One Financial Center, 24th Fl
Boston, Massachusetts 02111
gwyler@cypressmail.com

Sonja L. Deyoe, Esq.,
Rappoport, DeGiovanni & Caslowitz, Inc.,
989 Waterman Avenue
East Providence, RI 02914
sldeyoe@fullchannel.net

/s/ Stephen M. Rappoport