# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEMETRIO PURIZACA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-472L |
| | ) | |
| THE STOP AND SHOP SUPERMARKET | ) | |
| COMPANY, LLC., Alias ABC Corporation | ) | |
| Defendant, | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM REQUIREMENTS OF RULE 26(a)(2).**

Now comes the Plaintiff, Demetrio Purizaca and moves this Honorable Court for an Order allowing Plaintiff partial relief from the requirements of Federal Rules of Civil Procedure 26(a)(2) for Jay M. Burnstein, M.D., and A. Edward D'Andrea, M.D. A memorandum of law setting forth the basis for this motion is attached hereto.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport

Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

**CERTIFICATION**

I, the undersigned, hereby certify that this document has been electronically filed on this 27th day of June 2008 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Geoffrey D. Wyler, Esq.
One Financial Center, 24th Fl
Boston, Massachusetts 02111
gwyler@cypressmail.com

Sonja L. Deyoe, Esq.,
Rappoport, DeGiovanni & Caslowitz, Inc.,
989 Waterman Avenue
East Providence, RI 02914
sldeyoe@fullchannel.net

/s/ Stephen M. Rappoport

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEMETRIO PURIZACA,<br><br>Plaintiff,<br><br>v.<br><br>THE STOP AND SHOP SUPERMARKET COMPANY, LLC., Alias ABC Corporation<br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-472L |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM REQUIREMENTS OF RULE 26(a)(2)**

## I. FACTS

On June 11, 2005, the Plaintiff DeMetrio Purizaca was severely injured when he was hit in his lower back by the steel, table shaped, end piece of a conveyor belt that was located at a Stop and Shop Supermarket operated by the Defendant in Milford, Massachusetts.

As a result of his injuries, the Plaintiff received initial treatment at St. Joseph's Hospital. He was referred from St. Joseph's Hospital to St. Joseph's Corporate Care where he was treated from July 15, 2005 until August 18, 2005. During this period, the Plaintiff was under the care of Jay M. Burnstein, M.D., and A. Edward D'Andrea, M.D. Dr. Burnstein and Dr. D'Andrea prescribed physical therapy to the Plaintiff and various other conservative measures in an attempt to help the Plaintiff recover. It is anticipated that, based on their treatment of the Plaintiff, Jay M. Burnstein, M.D., and A. Edward D'Andrea, M.D., will be providing testimony as to history taken, observations and findings, test results, diagnosis, treatment rendered, causation, permanency/impairments and prognosis, including expected future medical costs, if applicable.

## II. ARGUMENT AND LAW:

The Plaintiff petitions this Court to ask that he be partially excused from compliance with Fed.R.Civ.P. Rule 26(a)(2)(B) as to his treating physicians, namely Jay M. Burnstein, M.D., and A. Edward D'Andrea, M.D. Plaintiff requests that he be excused from all the requirements of Fed.R.Civ.P. 26(a)(2) except disclosure of the data or other information considered by the witness in forming opinions within the time period set forth in the Rule.

The only decision from this Court to directly address this issue is Rutkowski v. Providence College, C.A. 06-264 T, 2006 WL 3455077. In that decision, Magistrate Martin stated that "he would allow treating physicians to testify regarding causation and prognosis in cases where (1) such testimony is based on the care-provider's personal knowledge and observations obtained during the course of care and treatment, and (2) the care-giver was not specifically retained for litigation or for trial."

While it is noted that "there are widely divergent views within the federal courts on whether a treating physician providing expert testimony is required to provide an expert report in advance of testifying under Rule 26(a)(2)(B)," Kirkham v. Société Air France, 236 F.R.D. 9, 11 (D.D.C.2006)(citing cases), a majority of courts "have concluded that Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment." Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H.1998); see also Kirkham, 236 F.R.D. at 12 n. 3; Garcia v. City of Springfield Police Dep't, 230 F.R.D. 247, 249 (D.Mass.2005)(citing Sprague )

As noted by Magistrate Martin in Rutkoswki, the First Circuit has taken notice of the fact that

"the Advisory Committee Notes 'specifically use the example of a treating physician to illustrate the sort of witness who ... need not be considered an expert for the purpose of submitting a report as part of pretrial discovery.'" Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir.2003). Further, Judge Selya himself has stated that, "[b]y and large, courts have followed the Advisory Committee's lead and ruled that a treating physician, testifying as to his consultation with or treatment of a patient, is not an expert for purposes of Rule 26." Id.

In this instance, any testimony from Jay M. Burnstein, M.D., and A. Edward D'Andrea, M.D. would be based on their personal knowledge and the observations they made during the course of care and treatment of the Plaintiff. The Plaintiff was injured on June 11, 2005. He treated with Dr. Burnstein and Dr. D'Andrea while a patient at St. Joseph's Corporate Care from July 15, 2005 until August 18, 2005. (See Plaintiff's exhibit A). After he ended his treatment at St. Joseph's Corporate Care, the Plaintiff has been under the care of Dr. Mark Palumbo, with Dr. Palumbo ultimately performing spinal surgery on the Plaintiff on August 20, 2007.

Any opinions Jay M. Burnstein, M.D., and A. Edward D'Andrea, M.D. , may offer about causation, permanency, and degree of impairment will be based on their personal knowledge and the observation they made during the Plaintiff's course of treatment. Dr. Burnstein and Dr. D'Andrea, as is evidenced by the treatment of the Plaintiff, were not retained or specifically employed for purposes of this litigation. Therefore, under the standard set forth in Rutkoswki the Plaintiff's motion should be granted.

## IV. CONCLUSION.

For the foregoing reasons, the Plaintiff request that this Honorable Court grant his motion and order that the Plaintiff shall not be required to provide expert witness reports pursuant to Fed.R.Civ.P. 26(a)(2)(B) for Jay M. Burnstein, M.D., and A. Edward D'Andrea, M.D.

Plaintiff Demetrio Purizaca,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

/s/ Stephen M. Rappoport
Stephen M. Rappoport, Esq., #1250
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net

## CERTIFICATION

I, the undersigned, hereby certify that this document has been electronically filed on this 27th day of June 2008 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Geoffrey D. Wyler, Esq.
One Financial Center, 24th Fl
Boston, Massachusetts 02111
gwyler@cypressmail.com

Sonja L. Deyoe, Esq.,
Rappoport, DeGiovanni & Caslowitz, Inc.,
989 Waterman Avenue
East Providence, RI 02914
sldeyoe@fullchannel.net

/s/ Stephen M. Rappoport